UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEVEN ARAWN, | § | |
| | § | |
| Plaintiff | § | |
| | § | CAUSE OF ACTION: 1:20-cv-01118 |
| v. | § | |
| | § | |
| CITY OF AUSTIN and JOHN DOE, | § | |
| | § | |
| Defendants | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Steven Arawn brings this 42 U.S.C. § 1983 case against the City of Austin and Austin Police Department Officer John Doe for the brutal and excessive force they inflicted on him during demonstrations against police violence.

### I. PARTIES

1.  Plaintiff Steven Arawn is a resident of Travis County, Texas.

2.  Defendant City of Austin, is a municipality that operates the Austin Police Department and may be served through its City Clerk at 301 W. 2nd Street, Austin, TX 78701.  The City's policymaker for policing matters is Police Chief Brian Manley. *Service is hereby requested at this time.*

3.  Defendant John Doe is a pseudonym for a police officer with the Austin Police Department, and he is sued in his individual capacity for compensatory and punitive damages. After identification, he can be served with process at 715 E. 8th Street, Austin, Texas, 78701. At all relevant times, John Doe was acting under color of law as an Austin Police Department officer.[1]

---

[1] Plaintiff requires discovery to identify Defendants Doe's true name.

Austin Police Department Chief of Police, Brian Manley, is his ultimate supervisor, and the City's policy maker for law enforcement issues.

## II. JURISDICTION AND VENUE

4.   This Court has federal question jurisdiction over this 42 U.S.C. § 1983 action pursuant to 28 U.S.C. §§ 1331 and 1343.

5.   Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1) as all relevant events occurred in this division, and all Defendants reside in this state.

## III. FACTS

6.   Following the police killings of George Floyd in Minneapolis and Mike Ramos in Austin, demonstrators organized protests against police brutality outside the headquarters of the Austin Police Department on May 30, 2020.

7.   Plaintiff Arawn attended the demonstrations to lend his voice to the chorus demonstrating against police violence.

8.   More particularly, Arawn volunteered to serve as a civilian "street medic," to provide assistance to demonstrators who suffered injuries and required first aid.

9.   Plaintiff Arawn personally assisted numerous people who had been injured by APD officers, including, among other things, several demonstrators who had been pepper sprayed.

10.   Shortly after 5:00 pm on May 30, 2020, Arawn was on a hillside east of I-35 near police headquarters. He had just finished helping a woman who had suffered an asthma attack.

11.   Suddenly, and upon information and belief, with direct approval from APD senior leaders, including Chief of Police Manley, APD officers began shooting beanbag shotgun rounds into the assembled crowd.

12.     Incredibly, APD officers shot the beanbag shotgun rounds at numerous completely innocent individuals assembled on the hill, even though were doing nothing wrong and had every right to be there to demonstrate against police violence.

13.     Arawn began assisting people calling for a medic after they had been hit.

14.     Arawn knelt down next to a young woman who had been hit in the stomach by a beanbag shotgun round to help her leave the area and seek medical care.

15.     While he was kneeling down next to the injured woman, Doe fired a beanbag shotgun round at Arawn.

16.     Doe's beanbag shotgun round struck Arawn in the wrist and hand.

17.     While Arawn was able to flee the area, the pain was so intense it caused him to vomit several times.

18.     Months later, he still has not regained full function in his hand.

19.     When Doe shot him, Arawn was kneeling next to a person he was providing first aid to. He was not making any threatening movements, and was not a threat to any one.

20.     Arawn posed no danger whatsoever to anyone.

21.     Arawn was unarmed.

22.     Upon information and belief, when Doe shot Arawn, he was substantially motivated by his opposition to the demonstrators' message that police violence must end.

23.     The injury to his hand from Doe and other APD officers' gross misconduct has caused Arawn to suffer significant pain, mental anguish, impairment, injury, and disfigurement.

24.     Doe's attack on Arawn (*i.e.* – shooting him with a bean bag round) was objectively unreasonable.

25.     Moreover, the attack would chill a person of ordinary firmness from continuing to engage in protected speech and assembly.

26.     Numerous APD officers watched Doe shoot Arawn, and APD officers shot numerous others, but not one officer intervened to stop the outrageous conduct.

27.     Upon information and belief, Doe has not been disciplined by APD for using force against Arawn. Likewise, upon information and belief, neither Chief Manley nor any of Doe's supervisors have been disciplined for tolerating, authorizing, or endorsing this type of force on defenseless individuals.

28.     This lack of discipline as to senior leaders and Manley himself is all the more shocking as Chief Manley agrees that people shot like Arawn was were victims of excessive force by APD officers.

29.     APD Chief of Police, Brian Manley, adopted policies that authorized or tolerated this unreasonable, unnecessary and brutally excessive force even though Manley had long known of the dangers of firing projectiles into crowds, at defenseless persons, and from significant distances. Despite this, Austin Police Department policies – and Manley – authorized their use and continued use.

30.     Chief Manley knew, as any reasonable policymaker capable of rational thought would also know, that as a direct consequence of such practices, innocent people like Plaintiff would be injured and victimized, and their constitutional rights violated.

31.     And, in fact, numerous other people suffered severe and devastating injuries as a result of APD's practices and excessive force on May 30, 2020 and May 31, 2020.

32.     According to Dell Medical Center's physicians, seven victims required surgical interventions and four victims retained beanbags in their bodies/heads.

4

33.     Among other things, victims suffered intercranial hemorrhages, depressed skull fractures, depressed frontal bone fracture, fractured jaws and brain damage.

34.     After Manley allowed the pattern of excessive force that injured Arawn to continue the next day and evening, multiple members of the City Council called for Manley to be removed as APD's Chief of Police.

35.     Following the calls to remove him, Chief Manley acknowledged the obvious, the policies at Austin Police Department were dangerously flawed and he agreed to change them – a change any reasonable policymaker should have known to have made prior to Plaintiff being shot.

### IV. CAUSES OF ACTION

#### A. FOURTH AND FOURTEENTH AMENDMENT EXCESSIVE FORCE – AS TO DEFENDANT JOHN DOE

36.     Plaintiff incorporates the preceding paragraphs as if alleged herein.

37.     Austin Police Department Officer John Doe, while acting under color of law, used excessive force on Arawn when he posed no danger to anyone, and was attempting to help an injured person.

38.     Austin Police Department Officer John Doe's use of force was wholly excessive to any conceivable need, objectively unreasonable in light of clearly established law, and directly caused Plaintiff Arawn to suffer serious injuries. Therefore, Austin Police Department Officer John Doe violated Arawn's clearly established Fourth Amendment right to be free from excessive force and unreasonable seizure.

39.     As a direct and proximate result of Austin Police Department Officer John Doe's actions, Arawn suffered and continues to suffer significant injuries.

40.     Arawn brings this claim pursuant to 42 U.S.C. § 1983.

**B.  FIRST AMENDMENT RETALIATION – AS TO DEFENDANT JOHN DOE**

41.  Plaintiff incorporates the preceding paragraphs as if alleged herein.

42.  The First Amendment's protections for free speech and assembly prohibit agents of the government from subjecting an individual, like Arawn, to retaliation for engaging in protected speech rights.

43.  Arawn exercised his free speech and assembly rights by attending the demonstration against police violence.

44.  Upon information and belief, Doe's use of force against Arawn was substantially motivated by his and APD's disagreement with the content of Arawn's speech. Upon information and belief, Doe shot Arawn with the beanbag shotgun substantially because Doe and APD disagreed with Arawn's right to assemble and/or his protected speech.

45.  Arawn brings this claim pursuant to 42 U.S.C. § 1983.

**C.  PUNITIVE/EXEMPLARY DAMAGES – AS TO DEFENDANT JOHN DOE**

46.  Plaintiff incorporates the preceding paragraphs as if alleged herein.

47.  Defendant's conduct was egregious, reckless, and endangered countless community members, Plaintiff seeks punitive damages as well to deter future uses of such excessive force.

**D.  FIRST, FOURTH AND FOURTEENTH AMENDMENT § 1983 *MONELL* CLAIM – AS TO DEFENDANT CITY OF AUSTIN ONLY**

48.  Plaintiff incorporates the preceding paragraphs as if alleged herein.

49.  The City of Austin, had the following policies, practices, or customs in place when Defendant Austin Police officer John Doe shot and injured Plaintiff Arawn:

a.  Shooting kinetic projectiles into crowds where innocent people could be injured;

b.  Using, authorizing, and/or tolerating excessive force against non-violent protestors;

c.  Failing to adequately discipline officers;

d.  Failing to adequately supervise officers;

e.  Failing to adequately train officers concerning de-escalation of force, crowd control, use of force against non-violent protestors, and the use of kinetic projectiles and the dangers associated therein;

f.  Failing to train officers regarding demonstrators' free speech and assembly rights;

g.  Not intervening to stop constitutional violations, including excessive force;

h.  Failing to train or instruct officers about specific incidents it considers unreasonable, excessive force, or in violation of the Constitution; and

i.  Using expired munitions.

50.    Each of the policies, practices, or customs delineated above was actually known, constructively known and/or ratified by City of Austin and its policymaker for law enforcement purposes, Chief of Police, Brian Manley, and was promulgated with deliberate indifference to Arawn's First, Fourth and Fourteenth Amendment rights under the United States Constitution. Moreover, the known and obvious consequence of these policies, practices, or customs was that Austin Police Department officers would be placed in recurring situations in which the constitutional violations described within this complaint would result. Accordingly, these policies also made it highly predictable that the particular violations alleged here, all of which were under color of law, would result.

51.    Consequently, the policies and conduct delineated above were a moving force of Plaintiff's constitutional deprivations and injuries, and proximately caused severe damages.

52.    Further, upon information and belief, APD supervisors, including Chief Manley, reviewed Doe's conduct with regard to Arawn, found no problems, and took no action to discipline Doe or any APD leaders who authorized the excessive force. APD and Manley approved his conduct and the basis for it. Thus, APD and Manley ratified Doe's actions.

53.     Chief Manley and his subordinate leadership, also violated Arawn's constitutional rights, by failing to supervise APD officers on scene, including but not limited to Doe, by authorizing the aforementioned reckless tactics, including using excessive force, which caused the violation of Arawn's constitutional rights. Manley knew of and was deliberately indifferent to the known and obvious consequences of these policies, practices, and customs he authorized, and encouraged. Rather than correcting or putting an end to them, Manley knowingly placed individuals – like Arawn and others – at a substantial risk of serious harm. Moreover, it was apparent and obvious that constitutional violations were the highly predictable consequence of the City's above delineated policies.

54.     Manley also knew or should have known that training his officers to fire beanbag shotgun rounds into crowds and from unsafe distances, was particularly dangerous, and was a particular omission in the APD's training program that would cause APD officers to violate the constitutional rights of members of the public they encountered, like Arawn. Though Manley knew of these obvious deficiencies, he chose to operate this dangerously flawed training program.

55.     Moreover, upon information and belief, Chief Manley and senior level APD superiors knew that multiple officers had violated individuals' right to speech and assembly, and had used excessive force at the protests earlier on May 30. As a consequence of them not stopping the abusive tactics, they caused numerous people, including Arawn, to suffer serious injuries. Incredibly, they condoned and ratified it until public opinion and multiple calls for his removal caused Manley to reverse the City's indefensible position – far too late for the many individuals that needlessly suffered serious injuries. Accordingly, the City is also liable directly for its policymakers' misconduct and failure to adequately supervise, train, and stop APD officers from

using excessive force and violating protestors' first amendment rights, which was a proximate cause of Plaintiff's deprivation of rights and injuries.

56.     Plaintiff Arawn brings this claim pursuant to 42 U.S.C. § 1983.

## V.  DAMAGES

57.     Plaintiff Arawn seeks the following damages:

   a.  Past and future medical expenses;

   b.  Past and future economic damages, including (but not limited to) loss of wages and loss of earning capacity;

   c.  Past and future physical pain and mental anguish;

   d.  Past and future impairment;

   e.  Past and future disfigurement and;

   f.  Attorneys' fees pursuant to 42 U.S.C. § 1988.

## VI.     JURY DEMAND

58.     Pursuant to Federal Rule of Civil Procedure 48, Plaintiff hereby requests a jury trial.

## VII.  PRAYER FOR RELIEF

59.     To right this injustice, Plaintiff requests the Court:

   a.  Award compensatory damages against the City of Austin, and compensatory and punitive damages against Doe;

   b.  Award Plaintiff costs and fees, including but not limited to expert fees and attorneys' fees, pursuant to 42 U.S.C. § 1988;

   c.  Award pre-judgment and post-judgment interest at the highest rate allowable under the law; and,

   d.  Award and grant such other just relief as the Court deems proper.

Dated: November 10, 2020.

Respectfully submitted,

**EDWARDS LAW**
1101 East 11th Street
Tel.  512-623-7727
Fax.  512-623-7729

By____/s/ Jeff Edwards_____
      JEFF EDWARDS
      State Bar No. 24014406
      jeff@edwards-law.com
      SCOTT MEDLOCK
      State Bar No. 24044783
      scott@edwards-law.com
      DAVID JAMES
      State Bar No. 24092572
      david@edwards-law.com

**ATTORNEYS FOR PLAINTIFF**