# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **STEVEN ARAWN,** *Plaintiff* | § § § | |
| v. | § § | Civil Action No.1:20-cv-01118-RP |
| **CITY OF AUSTIN AND JOHN DOE,** *Defendants* | § § § § § | |

## DEFENDANT CITY OF AUSTIN'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Austin files this Answer and Affirmative Defenses to Plaintiffs' Original Complaint (Doc. No. 1). Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant respectfully shows the Court the following:

### ORIGINAL ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to each of the specific averments in Plaintiffs' First Amended Complaint as set forth below. To the extent that Defendant does not address a specific averment made by Plaintiffs, Defendant expressly denies that averment.[1]

This Defendant denies the allegations contained in the first unnumbered paragraph in Plaintiff's Original Complaint.

### PARTIES

1. Upon information and belief, Defendant admits the allegations contained in Paragraph 1.

2. Defendant admits the allegations contained in Paragraph 2.

---

[1] Paragraph numbers in Defendant's Answer correspond to the paragraphs in Plaintiffs' Original Complaint.

3. Defendant admits that Chief of Police Brian Manley is a policy maker for Austin Police Department but is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 3 and therefore denies the same.

## JURISDICTION AND VENUE

4. Defendant admits the allegations contained in Paragraph 4.

5. Defendant admits the allegations contained in Paragraph 5.

## FACTS

6. Defendant admits the allegations contained in Paragraph 6.

7. Upon information and belief, Defendant admits the allegations contained in Paragraph 7.

8. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies same.

9. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 and is therefore denies same.

10. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies same.

11. Defendant admits that less than lethal munitions were used at different times during the May 30, 2020 protest. Defendant denies the remaining allegations in the Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12.

13. Upon information and belief, Defendant admits the allegations in Paragraph 13.

14. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 of the Original Complaint and therefore denies same.

15. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of the Original Complaint and therefore denies same.

16. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of the Original Complaint and therefore denies the same.

17. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 of the Original Complaint and therefore denies the same.

18. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 18 of the Original Complaint and therefore denies the same.

19. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 of the Original Complaint and therefore denies the same.

20. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 20 of the Original Complaint and therefore denies same.

21. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 21 of the Original Complaint and therefore denies same.

22. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 of the Original Complaint and therefore denies same.

23. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 23 of the Original Complaint and therefore denies same.

24. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 24 of the Original Complaint and therefore denies same.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 26 of the Original Complaint and therefore denies same.

27. Defendant admits that Chief Manley has not received discipline as defined by Chapter 143 of the Local Government Code. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Original Complaint and therefore denies same.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant admits that there were several injuries to individuals, including significant injuries during the May 30 and 31 protest events. Defendant denies the remaining allegations contained in Paragraph 31.

32. Upon information and belief, Defendants assert that the medical records and September 10, 2020 New England Journal of Medicine Letter to the Editor more precisely addresses the injuries sustained and further assert that the documents speak for themselves.

33. Upon information and belief, Defendants assert that the medical records and September 10, 2020 New England Journal of Medicine Letter to the Editor more precisely addresses the injuries sustained and further assert that the documents speak for themselves.

34. Defendant admits that four members of the Austin City Council publicly asked Police Chief Brian Manley to consider resigning from his position and denies the remaining allegations contained in Paragraph 34.

35. Defendant admits that Chief Manley changed certain Austin Police Department policies after the May protests and denies the remaining allegations in Paragraph 35.

## CAUSES OF ACTION

36. Defendant incorporates its responses to the previous allegations contained in the Original Complaint.

37. The allegations contained in Paragraph 37 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

38. The allegations contained in Paragraph 38 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

39. The allegations contained in Paragraph 39 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

40. Paragraph 40 is a statement of the statutory basis for the suit and does not contain allegations that require Defendant to admit or deny.

41. Defendant incorporates its responses to the previous allegations contained in the Original Complaint.

42. The allegations contained in Paragraph 42 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

43. The allegations contained in Paragraph 43 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

44. The allegations contained in Paragraph 44 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

45. Paragraph 45 is a statement of the statutory basis for the suit and does not contain allegations that require Defendant to admit or deny.

46. Defendant incorporates its responses to the previous allegations contained in the Original Complaint.

47. The allegations contained in Paragraph 47 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

48. Defendant incorporates its responses to the previous allegations contained in the Original Complaint.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant denies the allegations contained in Paragraph 55.

56. Paragraph 56 is a statement of the statutory basis for the suit and does not contain allegations that require Defendant to admit or deny.

## DAMAGES

57. Defendant denies the allegations contained in Paragraph 57 of the Original Complaint in that Plaintiff is not entitled to the relief requested.

## JURY DEMAND

58. Paragraph 58 is a request for a trial by jury and does not contain allegations that require Defendant to admit or deny.

## PRAYER FOR RELIEF

59. Defendant denies Plaintiff is entitled to the requested relief in Paragraph 59 of the Original Complaint.

## AFFIRMATIVE DEFENSES

1. Defendant City of Austin asserts the affirmative defense of governmental immunity as a municipal corporation entitled to immunity while acting in the performance of its governmental functions, absent express waiver.

2. Defendant City of Austin asserts the affirmative defense of governmental immunity since its employees are entitled to qualified/official immunity for actions taken in the course and scope of their employment, absent express waiver.

3. As a political subdivision, Defendant City of Austin denies that it can be liable for exemplary/punitive damages under 42 U.S.C. § 1983.

4. Defendant reserves the right to assert additional affirmative defenses throughout the development of the case.

## DEFENDANT'S PRAYER

Defendant City of Austin prays that all relief requested by Plaintiff be denied, that the Court dismiss this case with prejudice, and that the Court award Defendant costs and attorney's fees, and any additional relief to which it is entitled under law or equity.

RESPECTFULLY SUBMITTED,
ANNE L. MORGAN, CITY ATTORNEY
MEGHAN RILEY, CHIEF, LITIGATION

/s/ David May
DAVID MAY
State Bar No. 24092778
david.may@austintexas.gov
City of Austin
P. O. Box 1546
Austin, Texas 78767-1546
Telephone (512) 974-2342
Facsimile (512) 974-1311

**ATTORNEYS FOR DEFENDANT
CITY OF AUSTIN**

## CERTIFICATE OF SERVICE

I certify that on the 4th day of December, 2020, I served a copy of *Defendant City of Austin's Answer and Affirmative Defenses to Plaintiff's Original Complaint* on all parties, by and through their attorney of record, in compliance with the Federal Rules of Civil Procedure.

**Via CM/ECF:**

Jeff Edwards
EDWARDS LAW
State Bar No. 24014406
jeff@edwards-law.com
Scott Medlock
State Bar No. 24044783
scott@edwards-law.com
David James
State Bar No. 24092572
david@edwards-law.com
1101 East 11th Street
Telephone: (512) 623-7727
Fax: (512) 623-7729

**ATTORNEYS FOR PLAINTIFF**

/s/ David May
DAVID MAY